UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY THORNBURN,<br><br>                              **Plaintiff,**<br><br>          - against -<br><br>DOOR PRO AMERICA, INC.,<br><br>                              **Defendant.** | **COMPLAINT**<br><br>**CASE NO.:**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, **JOHNNY THORNBURN** (hereinafter "Plaintiff"), by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I.     PRELIMINARY STATEMENT

1. Plaintiff alleges pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), that he is entitled to recover from Defendant (1) statutory overtime for all hours worked in excess of forty (40) hours per week; (2) all withheld compensation, including unlawful deductions; (3) spread of hours pay for days worked in excess of ten (10) hours per day; (4) liquidated damages; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that he is entitled recovery from Defendant for unlawful conversion of monies rightfully due and owing Plaintiff, and in the alternative, unjust enrichment and *quantum meruit.*

## II.     JURISDICTION AND VENUE

3. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

4. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

5. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Nassau and County of Suffolk.

6. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff was at all times relevant herein, a domiciliary of the State of New York, presently residing in Melville, New York.

8. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

9. Upon information and belief, Defendant **DOOR PRO AMERICA, INC.** is a domestic business corporation operating at 199 Brook Avenue, Deer Park, New York 11729 ("Deer Park location").

10. At all times relevant to the Complaint, Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

2

11. Upon information and belief, at all times relevant herein, Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2).

12. Upon information and belief, at all times relevant to the Complaint, Defendant employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

13. Upon information and belief, at all times relevant herein, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

14. Upon information and belief, at all times relevant to the Complaint, Defendant employed employees, including Plaintiff, who were regularly and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j).

## FACTS

15. Plaintiff repeats and realleges each and every allegation contained herein.

16. Plaintiff was employed by Defendant from in or around 2012 through May 2016.

17. Plaintiff was employed by Defendant as an "installer."

3

18. Plaintiff worked at Defendant's Deer Park location.

19. Throughout his tenure of employment, Plaintiff regularly worked for Defendant Monday through Friday from 6:30 a.m. to no earlier than 7:00 p.m.

20. In addition, Defendant occasionally required Plaintiff to work on Saturdays.

21. Throughout his tenure, Plaintiff consistently worked no less than twelve (12) hours per day.

22. Plaintiff routinely worked no less than sixty (60) hours per week.

23. Regardless of the hours he worked, Defendant paid Plaintiff for "piece work."

24. Regardless of the hours he worked, Defendant compensated Plaintiff at a rate of $60.00 per each door installed.

25. Regardless of the hours he worked, Defendant compensated Plaintiff at a rate of $40.00 per each motor installed.

26. Defendant maintained no record of the number of hours Plaintiff worked per day, week, and/or pay period.

27. Defendant maintained no record of the number of doors and/or motors Plaintiff installed per day, week, and/or pay period.

28. Defendant did not compensate Plaintiff at a rate of one and a half time his regular pay rate for all hours worked in excess of forty (40) per week.

29. Defendant made unlawful deductions from Plaintiff's pay in the form of "charge back" withdrawals.

30. Defendant took "charge back" deductions from Plaintiff's pay in 2013.

4

31. Defendant took "charge back" deductions from Plaintiff's pay in 2015.

32. Defendant took "charge back" deductions from Plaintiff's pay in 2016.

33. From February 2016 through April 2016, Defendant withdrew $100.00 per week from Plaintiff's pay in the form of "charge back" deductions.

34. Defendant's "charge back" deductions from Plaintiff's pay were not authorized by Plaintiff.

35. Defendant's "charge back" deductions from Plaintiff's pay were not for the benefit of Plaintiff.

36. Defendant did not notify Plaintiff of the "charge back" deductions prior to withdrawing from his pay.

37. Plaintiff's employment with Defendant ended in or around May 2016.

38. Defendant willfully failed to compensate Plaintiff for eight (8) full days of work at the end of his tenure.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

39. Plaintiff repeats and realleges each and every allegation contained herein.

40. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in

5

excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

41. Plaintiff worked in excess of forty (40) hours per week.

42. Plaintiff did not receive overtime compensation at the rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

43. Consequently, by failing to pay overtime compensation, Defendant violated the governing provisions of the FLSA.

44. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

45. By the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

46. Plaintiff repeats and re-alleges each and every allegation contained herein.

47. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

48. Plaintiff worked in excess of forty (40) hours per week.

49. Plaintiff did not receive overtime compensation at a rate of one and one-half (1.5) times his regular rate of pay for all hours worked in excess of forty (40)

hours in any given week.

50. Consequently, by failing to pay to overtime compensation, Defendant violated 12 NYCRR § 142-2.2.

51. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

52. By the foregoing reasons, Defendant violated 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Unlawful Deductions from Wages – New York Labor Law Violation)

53. Plaintiff repeats and realleges each and every allegation contained herein.

54. Defendant made unlawful deductions from Plaintiff's pay without reason.

55. Defendant intentionally and fraudulently misrepresented its reason(s) for making deductions from Plaintiff's pay.

56. Defendant instituted a policy and practice of making unauthorized deductions in the form of "charge backs" from Plaintiff's earned compensation.

57. Such a policy and practice was not undertaken for Plaintiff's benefit.

58. Defendant fraudulently charged $100.00 in "charge back" deductions from Plaintiffs wages each workweek.

59. As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, substantial economic damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Willful Failure to Pay Wages – New York Labor Law Violation)

60. Plaintiff repeats and re-alleges each and every allegation contained herein.

61. Defendant was obligated to pay Plaintiff, as set forth herein, constitute wages within the meaning of Sections 190, 191 and 198 of the New York Labor Law.

62. Defendant's willful failure to pay Plaintiff wages for eight (8) days of work violates Section 191 (1)(c) of the New York Labor Law.

63. Pursuant to Section 198 of the New York Labor Law, Plaintiff is entitled to statutory costs, attorneys' fees, and liquidated damages in the amount of one hundred percent (100%) of the total amount of wages found to be due.

## FIFTH CAUSE OF ACTION
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

64. Plaintiff repeats and re-alleges each and every allegation contained herein.

65. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

66. Upon information and belief, Defendant did not pay Plaintiff an additional hour's pay when he worked more than ten (10) hours in a day.

67. Plaintiff regularly worked in excess of ten (10) hours per day.

68. Consequently, by failing to pay an additional hour's pay when Plaintiff worked more than ten (10) hours in a day, Defendant violated 12 NYCRR § 142-2.4.

8

69. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**SIXTH CLAIM FOR RELIEF**
**(Unjust Enrichment and *Quantum Meruit*)**
**(Plead in the Alternative)**

70. Plaintiff repeats and realleges each and every allegation contained herein.

71. Plaintiff performed numerous and valuable services at the behest of and on behalf of Defendant.

72. Plaintiff was not paid for the reasonable value of those services.

73. Defendant is unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiff.

74. By reason of the forgoing, Defendant is liable to Plaintiff in an amount to be determined at trial.

**VI.   DEMAND FOR JURY TRIAL**

1. Plaintiff repeats and realleges each and every allegation contained herein.

2. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff respectfully requests that this Court grant the following relief:

a) On the First, Second, Third, Fourth, Fifth, and Sixth Claims for Relief, an award of Plaintiff's actual damages in an amount to be determined at trial plus interest;

b) Order Defendant pay Plaintiff a reasonable sum for unlawful deductions;

c) Declare Defendant violated the FLSA and NYLL;

d) An award of liquidated damages where allowed by statute;

e) Defendant be ordered to pay Plaintiff pre and post judgment interest;

f) Enjoin Defendant from engaging in the unlawful payroll and/or wage and hour practices set forth herein;

g) Order Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
       July 11, 2016

                              ZABELL & ASSOCIATES, PC
                              *Attorneys for Plaintiff*

                    By:     _____

                              Saul D. Zabell, Esq.
                              ZABELL & ASSOCIATES, P.C.
                              1 Corporate Drive, Suite 103
                              Bohemia, NY 11716
                              Tel. (631) 589-7242
                              Fax (631) 563-7475
                              SZabell@laborlawsny.com