LAW OFFICES OF
# MICHAEL K. CHONG LLC

### 2 EXECUTIVE DRIVE, STE. 720
### FORT LEE, NEW JERSEY 07024
### (201) 708-6675    FAX (201) 708-6676
_____

WWW. MKCLAWGROUP.COM

| MICHAEL K. CHONG ‡ | NEW YORK: | HOBOKEN: |
|---|---|---|
| | 1250 BROADWAY 36TH FL. STE. 300 | 300 HUDSON STREET. STE. 10 |
| ‡  MEMBER, NJ BAR, U.S.D.C. NEW JERSEY | NEW YORK, NEW YORK 10001 | HOBOKEN, NEW JERSEY 07024 |
| SDNY, NEW YORK | (212) 726-1104      FAX (212) 726-3104 | (201) 203-7476    FAX (201) 708-6676 |
| EDNY, NEW YORK | | |
| U.S.C.A. 2ND CIRCUIT | | |
| | *Please Reply to: FORT LEE* | DIRECT DIAL: (201) 947-5200 |
| | | EMAIL: MKC@MKCLAWGROUP.COM |

November 11, 2016

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
**VIA ECF**

> Re: Thornburn v. Door Pro America, Inc.
>      Case No. 2:16-cv-03839-DRH-AKT

Dear Judge Tomlinson:

This office represents the Defendant Door Pro America, Inc. in the above captioned matter. This letter is submitted on behalf of Defendant in compliance with the Order entered on November 7, 2016.   The Order directed the parties to submit a joint letter "setting forth a bullet point list regarding the "mounting and foreseeable [discovery] issues, DE30, that purportedly warrant a further conference before the Court."   The Order was entered in response to Plaintiff's counsel's letter to the Court dated November 3, 2016 requesting a conference.

Despite conferring, the parties cannot agree on the content of a joint letter to the Court.   Plaintiff's counsel insists on including inflammatory accusations against defense counsel in the joint letter about the "history" of the dispute; the rhetoric is unnecessary where the Court directed bullet point statements of what the issues in dispute are. The page limits would preclude me from responding to the one-sided inflammatory accusations, and the accusations are unwarranted where Your Honor is aware there are issues in dispute and requested a succinct statement of what the issues are.

Defendant's position is that a conference is not required to address either issue, and that the disputes can be determined by the Court based on written submissions.

In bullet form, the two issues are:

1. **Stipulation of FLSA Enterprise Coverage**- Plaintiff's counsel provided a six paragraph proposed Stipulation, with duplicative and superfluous provisions.   On behalf of Defendant, I have agreed to the majority of the provisions of the Plaintiff's proposed Stipulation.   There remains **only one paragraph** of the Stipulation in dispute. Plaintiff's counsel wants the Stipulation to include a paragraph which I deem duplicative and superfluous.

   Respectfully, I do not believe a conference is necessary to resolve this issue. I respectfully submit the issue can be resolved by the parties each submitting a short letter addressing the necessity of including the one paragraph in dispute, and the Court can determine whether the one paragraph in dispute is necessary.

2. **Stipulation of Confidentiality\Protective Order**- The most recent version of the proposed Stipulation of Confidentiality\Protective Order I submitted to Plaintiff's counsel is a "sample" Protective Order of the Honorable Jed S. Rakoff, U.S.D.J, S.D.N.Y.   The most recent version is "simpler" than the two previous versions I submitted to Plaintiff's counsel, which were also based on "sample" Protective Orders used in FLSA cases by other United States District Judges.

   Mindful of Your Honor's direction to submit a statement of the disputes in bullet form, I will not go into detail as to Plaintiff's extensive redlining of the proposed Protective Order, and will only state that Plaintiff's counsel seeks to delete numerous provisions that are "standard" for a Protective Order. The stated reason that Plaintiff's counsel seeks to delete many "standard" provisions is based solely on being unwilling to incur additional time and expense to comply with those proposed provisions. By way of example only, Plaintiff's counsel refuses to consent to provisions that would require persons with access to materials designated as "Confidential" to be provided with the Protective Order and required to sign a Non Disclosure Agreement, because of the "added time and expense" involved.

   I respectfully submit that as the Protective Order I proposed is a "standard" form of Protective Order used by other federal judges, the most efficient procedure to resolve this dispute would be for me to submit the proposed Protective Order with Plaintiff's redline deletions, with a short letter addressing why the provisions Plaintiff's counsel proposes to delete are necessary and appropriate, and Plaintiff's counsel submitting a short letter addressing why the proposed deletions are appropriate, and Your Honor can then determine the provisions to be included in the Protective Order.

Thank you for your consideration of this matter.

                                  Respectfully submitted,

                                  /s/ Michael K. Chong
                                  Michael K. Chong

cc: Saul Zabell, Esq.