Counseling and Advising Clients Exclusively on Laws of the Workplace

# Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

November 11, 2016

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   <u>Thornburn v. Door Pro America, Inc.</u>
>       <u>Case No.: 16-cv-03839 (DRH) (AKT)</u>

Your Honor:

     This firm is counsel to Plaintiff in the above-referenced matter. The parties have met and conferred and were unable to reach agreement on a joint submission regarding discovery issues. [1] Further, after both parties conferred telephonically this afternoon, Defendant's counsel reiterated his unwillingness to collaborate in a joint letter in accordance with Your Honor's Order of November 7, 2016. Despite our attempts to include Defendant's position in our letter, or, in the alternative, include our position in Defendant's letter, Mr. Chong refused to submit our positions in one (1) letter. Accordingly, we respectfully submit our position and apologize to the Court for any inconvenience in connection with the separate letter submissions.

     We have encountered several issues with Defendant's counsel thus far in this litigation. Specifically, before today, Defendant's counsel refused to collaborate and/or to meet and confer to resolve open disputes, in contravention of Local Civil Rule 37. At this point, it is evident that Mr. Chong's obstinate behavior will

---

[1] At 11:47 am today, we received, for the first time, counsel's position with respect to the FLSA "Stipulation" filed with the Court on October 16, 2016. I am out of the office and have so advised Defendant's counsel. My Associate participated in several discussions with Mr. Chong throughout the day. However, we must note that counsel's eleventh-hour willingness to now discuss the FLSA "Stipulation" does not otherwise alter the calculus of this dispute. Particularly since no agreement was reached and he refuses to discuss issues surrounding the Stipulation of Confidentiality.


Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

November 11, 2016
Page 2 of 3

continue to prolong and delay even the most ministerial tasks. In the interest of judicial economy, we hope to resolve the following issues to prevent further issues in this litigation:

- **FLSA Stipulation:**
  Defendant's counsel filed his purported "Stipulation" as to FLSA Enterprise Coverage without Plaintiff's consent on October 16, 2016. [ECF Doc. 98] Although we provided proposed alternative language, Mr. Chong disregarded our comments and filed his submission unilaterally without notice to our objections. Our office rejected his submissions *via* electronic mail on October 18, 2016. In doing so, advised Mr. Chong of his submission was wholly inadequate. (*See* Exhibit "1"). In order for a Stipulation to be executed properly, **both** parties must agree to its content (emphasis added). His "Stipulation" was akin to a one-sided declaratory statement. Today, Mr. Chong discussed with my Associate proposed revisions to his "Stipulation". Prior to today, he refused to engage in the interactive process. Although, significant discussion took place, there was no agreement reached. The remaining open issue involves our desire to include specific language from the plain text of the FLSA. Mr. Chong refuses.

- **Confidentiality Stipulation:**
  On October 4, 2016, the Court ordered the parties to file a redlined version of a Stipulation of Confidentiality by October 18, 2016. [ECF Doc. 18, ¶5] We served, *via* email, a redlined protective order for Mr. Chong's review and reminded him of his obligation to provide comments. However, Defendant's counsel was steadfast in his position to use "standard form from the SDNY." Setting aside the fact this case sits in the EDNY, we responded and stated our reasoning was already provided in the comments. Accordingly, On October 18, 2016, we filed a letter addressed to Your Honor outlining the problems with both the Stipulation of Confidentiality and FLSA "Stipulation" [ECF Doc. 98]. Defendant's counsel then sent a second SDNY template on November 10, 2016. (*See* Exhibit "2"). We also rejected that proposal. To date, the parties are still unable to agree on a Stipulation of Confidentiality. Counsel's abject failure to engage in any discussion regarding the content of the proposed Stipulation of Confidentiality, which included today, will unnecessarily delay discovery.



      The issues delineated *supra* demonstrate Mr. Chong's refusal to cooperate in these preliminary matters. We respectfully request an in-person conference be convened to expeditiously resolve any outstanding issues and to prevent future (and otherwise unnecessary) motion practice.

      We thank the Court for its consideration of this application and remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell

cc: Client
    Michael K. Chong, Esq. (*via* Electronic Case Filing)