

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

December 8, 2016

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

        Re:    <u>Thornburn v. Door Pro America, Inc.</u>
                  <u>Case No.: 16-cv-03839 (DRH) (AKT)</u>

Your Honor:

      This firm is counsel to Plaintiff in the above-referenced matter. We are seeking to compel appropriate discovery responses to previously served demands. The parties met and conferred telephonically on the morning of December 8, 2016, but Mr. Chong refused to engage in a meaningful discussion and hung up after a mere two and a half (2.5) minutes. We recognize this submission exceeds the page requirements called for in Your Honor's Individual Practice Rules, but the sheer volume of deficiencies mandates such an application.

      On November 12, 2016, Defendants served responses to Plaintiff's discovery demands. On November 28, 2016, our office sent a letter detailing deficiencies contained in those responses. *See* Exhibit 1. Although we requested a supplemental response by December 2, 2016, Defendant indicated they would provide responses to the deficiency letter by Monday, December 5, 2016. *See* Exhibit 2. On December 6, 2016, we inquired about the status of the supplemental responses. Defendant indicated service would be effectuated on December 9, 2016, without any offering excuse or basis for their delay. We then reminded Defendant that his office confirmed the responses would be sent on December 5, and attempted to offer a compromise, to the close of business on December 7, 2016, or alternatively, requested a time to speak to meet and confer. Defendant declined the offer to speak. *See* Exhibit 3.

1


Zabell & Associates, P.C.
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 8, 2016
Page 2 of 6

The Discovery deficiencies are as follows:

### Plaintiff's First Request for the Production of Documents

In Request Two [2], Plaintiff requested Defendant "[P]roduce all documents concerning any communications with any individual whom Defendant believes to possess knowledge of the facts, allegations, and claims involved in this case."

In Request Five [5], Plaintiff requested Defendant "[P]roduce any and all Wage Theft Prevention Act materials, including but not limited to, written notices, written notices of regular pay, and/or written notices of overtime pay provided to Plaintiff by Defendant from 2012 through May 2016."

In Request Ten [10], Plaintiff requested Defendant "[P]roduce all photographs, or similarly responsive evidence, of posters displayed by Defendant at the 199 Brook Ave., Deer Park, NY 11729 location concerning labor and/or employment laws and regulations, including, but not limited to, minimum wages, overtime wages, and spread of hours wages from 2012 through May 2016." Defendant objected stating that the request is "overly broad, vague, and ambiguous". Defendant further stated that it will provide a photo of the poster. No such photograph have been provided.

In Request Eleven [11], Plaintiff requested Defendant "[P]roduce copies of all documents in Defendant's possession which identify each and every person employed by Defendant from 2012 through May 2016 who held the same titles and/or positions as Plaintiff."

In Request Nineteen [19], Plaintiff requested Defendant "[P]roduce Plaintiff's personnel file in its entirety."

In Request Twenty-One [21], Plaintiff requested Defendant "[P]roduce copies of all documents, including, but not limited to, offer letters, employment contracts, memoranda, emails, correspondence, notes, calendars, diaries, etc., that refer or relate in any way to the job duties, requirements, expectations, or actual performance of Plaintiff from 2012 through May 2016."


**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 8, 2016
Page 3 of 6

In Request Twenty-Two [22], Plaintiff requested Defendant "[P]roduce any and all evaluations of Plaintiff's job performance and professional conduct from 2012 through May 2016."

In Request Twenty-Three [23], Plaintiff requested Defendant "[P]roduce copies of any documents evidencing the identities and job responsibilities of Plaintiff's direct supervisors and/or every other person with decision-making authority affecting Plaintiff's term of employment, work schedule and/or compensation from 2012 through May 2016."

In Request Twenty-Four [24], Plaintiff requested Defendant "[P]roduce copies of records of all hours worked by Plaintiff from 2012 through May 2016, including, but not limited to, time cards, time sheets, sign-in sheets, logs, print outs from time clocks, text messages, electronic door locks or alarms, GPS records, etc., whether maintained on paper or electronically, reflecting arrival times, departure times, break times, etc. If more than one type of record exists, produce copies of each document; in particular, if daily records and weekly records exist, both must be produced."

In response to demands, two [2], five [5], eleven [11], nineteen [19], and twenty-one [21] through twenty-four [24], Defendant referred to the same ten [10] documents that were previously produced. However, the documents referred to are in absolutely no way, shape, or form responsive to Plaintiff's demands. The ten documents include six [6] years of wage records, three [3] years of pay statements, five [5] years of W-2 forms, Defendant's Employee Handbook, and documents detailing the deductions Defendant took from Plaintiff's pay for the "company vehicle incidents".

As an example, in Request Nineteen [19], Plaintiff requested Defendant "[P]roduce Plaintiff's personnel file in its entirety." As previously stated, Defendant referred Plaintiff to the aforementioned ten [10] documents, and also objected stating that Plaintiff failed to define the term "personnel file". The documents referred to are in no way responsive to this demand. Consequently, we submit Defendant must amend its responses to all aforementioned document requests, either by producing properly responsive documentation or confirming that no such documentation exists.



In Request Twenty-Seven [27], Plaintiff requested Defendant "[P]roduce all paychecks/paystubs issued to Plaintiff by Defendant and all other records reflecting pay, compensation, remuneration, bonuses, tips earned or received, and/or benefits from 2012 through May 2016. If more than one type of record exists (e.g., payroll company reports and copies of pay stubs or machine readable spreadsheets and printouts), produce copies of each document." Defendant has provided documents responsive to this demand, only from 2013 through 2016. However, the demand specifically asks for records from 2012 through May 2016.

In Request Thirty-Two [32], Plaintiff requested Defendant "[P]roduce "any and all documentation regarding the policy of 'charge back' withdrawals taken from Plaintiff's pay from 2012 through May 2016." Defendant referred Plaintiff to documents previously produced as **D Docs 1181-1293**, which correspond to Defendant's Employee Handbook. While the Employee Handbook referred to by Defendant does detail Defendant's policy regarding unlawful deductions from pay, it does not reference the ambiguous "charge back" deductions that appear throughout Plaintiff's pay records, or the basis for those deductions.

## Plaintiff's First Set of Interrogatories

### Defendant's Response to Interrogatory One [1]

Defendant was required to "[S]et forth (in chart form, if possible) for every workweek from 2012 through May 2016: (a) the location(s) Defendant contends Plaintiff worked; (b) the number of hours Defendant contends Plaintiff worked; (c) the number of units Plaintiff produced on a daily and weekly basis; (d) the number of hours for which Plaintiff was compensated by Defendant; (e) the amount paid to Plaintiff (whether in the form of wages, tips, bonuses, or non-monetary compensation); (f) whether any overtime was paid, and, if so, how much; (g) the deductions made from pay and the reasons for the deductions; (h) identify each person with knowledge of these facts; and (i) identify each document related to these facts."

Defendant referred Plaintiff to its Rule 26 Disclosures produced as **D Docs 0001-1180**. Defendant's response to this Interrogatory is insufficient. While the documents to which Defendant refers answers part of the Interrogatory, they neglect

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 8, 2016
Page 5 of 6

to respond to the remainder of the Interrogatory, more specifically subparts "b", "d", "f", "g", "h", and, most importantly, "i". Consequently, we submit Defendant must supplement its response to properly answer this Interrogatory.

### Defendant's Response to Interrogatory Two [2]

Defendant was required to "[S]et forth, with particularity and detail, all methods by which Defendant: (a) tracks employee time worked, such as, by way of example, time sheets, sign-in logs, time cards, hand scanners, GPS records, etc., and specify the time periods when each method was in use from 2012 through the present; and (b) maintains timekeeping/payroll records for their employees, such as, by way of example, the locations and format of those records, and specify the time periods when each method was in use. Defendant was further required to identify each person with knowledge of these facts and each document related to these facts."

Defendant referred Plaintiff to documents previously produced as **D Docs 0001-1170** regarding two [2] specific subparts of the Interrogatory. These documents demonstrate Defendant's methods for tracking employee time worked and timekeeping/payroll records. However, Plaintiff has not been able to locate any indication of hours worked for the time periods shown in Defendant's documents, thereby rendering Defendant's example useless. Therefore, we submit Defendant must supplement its response to properly respond to this Interrogatory.

### Defendant's Response to Interrogatory Five [5]

Defendant was required to "[S]et forth with particularity and detail, (a) each position Plaintiff held with Defendant; (b) Plaintiff's respective duties for each position; (c) the date(s) of commencement and termination for each position; and (d) any and all performance evaluations conducted during each position."

Defendant answered only three of the four required subparts. However, with regard to subpart "d" of this Interrogatory, Defendant neglected to provide performance evaluations conducted during Plaintiff's position as an "Installer".

### Defendant's Response to Interrogatory Eleven [11]

Defendant was required to "[S]et forth, with particularity and detail, the

**Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

December 8, 2016
Page 6 of 6

manner in which documented withdrawals and/or deductions were made from Plaintiff's pay from 2012 through May 2016."

Defendant stated that Plaintiff agreed to pay for the damages as they were caused by his negligence and referred Plaintiff to **D Docs 1294-1296**. Defendant refers to an alleged agreement between the parties regarding deductions from Plaintiff's pay in their response to this Interrogatory. However, this alleged agreement regarding deductions from Plaintiff's pay was not stated in Response to Interrogatory Eight [8], which stated, "Set forth, with particularity and detail, all oral or written agreements regarding Plaintiff's compensation, identifying when these agreements were formed and the substance of those agreements from 2012 through May 2016." Defendant's omission is conspicuous. Consequently, we submit Defendant must reconcile this inconsistency by amending its response to this Interrogatory to remove all information regarding this alleged agreement or, in the alternative, amend its Response to Interrogatory Eight [8] to include this alleged oral agreement.

We respectfully request an in-person conference to attempt to resolve the ongoing discovery issues delineated above. We thank the Court for its consideration of this application and remain available should Your Honor require additional information in connection with this submission.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell

cc: Client
Michael K. Chong, Esq. (*via* Electronic Case Filing)