**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JOHNNY THORNBURN,

                                                                                **ORDER**

                       Plaintiff,                        CV 16-3839 (DRH) (AKT)

        - against -

DOOR PRO AMERICA, INC.,

                Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court has reviewed Plaintiff's letter motion [DE 36] seeking the Court to issue an Order compelling Defendant to provide proper responses to Plaintiff's document requests and interrogatories and the motion is DENIED, without prejudice, based upon Plaintiff's failure to comply with Local Civil Rule 37.1.

       The Court advises Defendant's counsel that in the event the motion is re-filed, and to the extent it seeks relief concerning responses to document demands or interrogatories, the motion must be filed in strict compliance with Local Civil Rule 37.1, which applies when a party is seeking Court intervention as to a specific response to a specific document demand or interrogatory. Specifically, Rule 37.1 states that

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1. *See also* Local Rule 5.1. Therefore, to comply with these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing counsel, followed directly by opposing counsel's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.). Counsel is expected to refer to relevant case law to support his/her position/objection as to the respective discovery demand. Further, the three-page limitation concerning letter motions is waived when filing a motion pursuant to Local Civil Rule 37.1. Therefore, if counsel desires a ruling with respect to any alleged deficiencies, a proper motion, in compliance with Rule 37.1 must be filed.

In the event counsel fails to strictly comply with Local Civil Rule 37.1, the motion will be summarily denied.

**SO ORDERED.**

Dated: Central Islip, New York
December 9, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge