UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JOHNNY THORNBURN, individually and on
behalf of those individuals similarly situated,

                              Plaintiff,

        - against -                                                    CV 18-3839 (AKT)

DOOR PRO AMERICA, INC.,

                              Defendant .
-----------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AND
## DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

The Court, having reviewed the Amended Complaint filed in this case by Plaintiff

JOHNNY THORNBURN, the Consents filed by the other 16 Opt-In Plaintiffs (*i.e.*, John Alford,

Michael Bennett, Luis Centeno Ortiz, David Eastman, Richard Gastelum, Tony Guise, Jay

Hanley, Marton Keszthelyi, William LaFaber, Eli Lopez, Otoniel Martinez Lemus, Luis Mendez,

Mauro Navarro, Rodney Parker, Jr., Angel Ramirez and Michael Zimmerman) (collectively with

Johnny Thornburn, "Plaintiffs"), the Defendants' Answer to the AmendedComplaint; having

assessed the claims and defenses raised by the Parties; having conferred with counsel at several

discovery conferences and having rendered decisions on various disco; having taken into account

the Parties' exchange of substantial documents prior to the settlement; having reviewed the

damages calculations; having considered the applicable case law; having carefully reviewed the

proposed Settlement Agreement and General Release; having noted that this resolution was

achieved through the auspices of a respected mediator in the EDNY Court- annexed mediation

program; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

1.       The Settlement Agreement, to the extent it addresses claims under the Fair Labor

Standards Act and the New York Labor Law:  (a) is the result of arm's-length negotiations and is

fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with

regard to the merits of the Plaintiffs' claims; and (c) demonstrates a good-faith intention by the

Parties (i) to fully and finally resolve the Plaintiffs' claims for liability and damages under the

Fair Labor Standards Act and the New York State Labor Law and (ii) not to re-litigate in whole

or in part, at any point in the future, the claims raised in this litigation or which could have been

raised in this litigation concerning the Plaintiffs' wages while employed by the Defendants.

2.       By virtue of the Settlement Agreement, Plaintiffs waive any right or ability to be a

class or collective action representative or to otherwise participate in any putative or certified

class, collective or multi-party action, grievance or proceeding based on such a claim in which

the Defendants are a party.

3.       The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic

Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) the Plaintiffs' range of possible recovery is

affected by the dispute over the Portal-to-Portal Pay Act; (b) the Defendants continue to maintain

their position that Plaintiffs did not work the hours claimed; (c) Defendants still maintain that

Plaintiff was compensated for all work performed; (d) the prospect exists of defense witnesses

providing testimony in conflict with the Plaintiffs' testimony; (d) the settlement will enable the

parties to avoid anticipated burdens and expenses in establishing their respective claims and

defenses at trial; (e) the record reflects qualitative risks for both sides should the case proceed to

trial; (f) the settlement is clearly the product of arm's-length negotiations between experienced

counsel with the assistance of a respected EDNY Panel  mediator; and (g) the totality of the

circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

4.      The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA and NYLL claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third (*i.e.*, 33.3%) of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiffs and their counsel.

5.      The Plaintiffs' Releases of the Defendants as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

6.      Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of 33.3% of the settlement amount to the attorney's fees, as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs by their counsel, Zabell & Associates, PC, by Saul Zabell, Esq. and Ryan Eden, Esq.  Such apportionment is well within the parameters set by courts in this District. *See, e.g., Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

7.      In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable.  The settlement is therefore APPROVED by the Court.

8.      The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

9.      This lawsuit and the claims of the Plaintiffs asserted in it are DISMISSED, WITH PREJUDICE, in their entirety, **contingent upon the parties filing the Stipulation of Discontinuance within 30 days**.

10.     Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement.

**SO ORDERED**.

Dated:   Central Islip, New York
            June 17, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge